HAYDEN ET AL. *v.* CITY OF FORT WAYNE ET AL.

[No. 1267S134. Filed July 10, 1968.]

*Alexander M. Campbell,* and *J. Philip Burt,* of Fort Wayne, for appellants.

*Otto E. Grant, Jr., J. A. Bruggeman,* and *Barrett, Barrett & McNagny,* of Fort Wayne, for appellee, City of Fort Wayne, Indiana, on behalf of its Department of Redevelopment.

HUNTER, J.—This was an action of condemnation brought on July 7, 1967 by appellee, City of Fort Wayne on behalf of its Department of Redevelopment pursuant to Ind. Anno. Stat. §§ 3-1701, et seq. (1968 Repl.). Appellants filed objections to the complaint on July 24, 1967, under the provisions of Ind. Anno. Stat. § 3-1705 (1968 Repl.). On September 29, 1967, appellee filed a demurrer to appellants' objections, and on October 26, 1967, the trial court, Allen Superior Court No. 3, sustained the demurrer to appellants' objections and entered an interlocutory order overruling appellants' objections.

A direct appeal was brought to this Court by virtue of the provisions of Ind. Anno. Stat. § 3-1705 (1968 Repl.) and § 4-214 (1968 Repl.).

Appellants' assignment of errors is as follows:

"The appellants aver that there is manifest error in the interlocutory order, judgment and proceedings in this cause which is prejudicial to appellants, in this:

1. The court erred in overruling appellants' objections and in appointing appraisers.
2. The court erred in sustaining the demurrer of appellee, City of Forty Wayne, Indiana, on Behalf of Its Department of Redevelopment, to appellants' objections."

Appellants' sole argument is that *Derloshon* v. *City of Fort Wayne Department of Redevelopment* (1967), 250 Ind. 163, 234 N. E. 2d 269, should control the case at bar for the reasons that it was decided in favor of the defendant landowners, and that the opinion dealt with the identical redevelopment project, essentially an identical complaint, identical objections to the complaint, identical demurrer to the objections and the *identical legal issue* as is involved in the case at bar.

Judge Arterburn stated in *Derloshon, supra,* that:

"At some place in the proceedings where private property is taken from private individuals by a governmental agency, a party whose property is being condemned is entitled to raise the issue as to whether or not the proceedings are in good faith or a subterfuge used to convey private property to a private individual for private use." 234 N. E. 2d at 273.

The Court went on to hold that the proper manner to raise such an issue is by the filing of objections to the complaint in the eminent domain proceeding.

The holding in *Derloshon* is controlling in the case at bar, for here too appellants were denied the right to be heard upon the issue of the purpose of the taking as stated in their objections which issues may be properly raised in objections to the proceedings.

In *Derloshon*, as in the instant case, the substance of the objections to the complaint was that the Redevelopment Commission was acting outside its scope of authority and was acting arbitrarily and capriciously by seeking to take appellants' property by a condemnation action and then relinquish it to the private use of Joslyn Steel.

For the foregoing reasons the judgment of the trial court is reversed with directions to rescind its interlocutory order, to overrule the demurrer to the objections and proceed with a hearing on the merits of the issues set forth in appellants' objections.

Judgment reversed.

Lewis, C. J. and Arterburn, J. concur.

Jackson, J. concurs in result.

Mote, J. not participating.

NOTE.—Reported in 238 N. E. 2d 449.